UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IVER CARDWELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF MAINE, )<br>)<br>Respondent ) | Civ. No. 09-159-P-S |

**RECOMMENDED DECISION ON MOTION TO DISMISS WITHOUT PREJUDICE 28 U.S.C. § 2254 PETITION**

Iver Cardwell has filed a 28 U.S.C. § 2254 petition seeking relief from a state sentence imposed on January 9, 2009. He presses two grounds: his sentence amounts to cruel and unusual punishment and there was a mistake of fact during his sentencing.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(B)(1)(A). Although it appeared from the face of Cardwell's petition that it was subject to dismissal for a failure to exhaust -- he notes that he has ongoing state court attacks on his sentence -- I ordered the State of Maine to answer out of an abundance of caution.

The State of Maine has filed a motion for summary dismissal arguing that Cardwell has not yet exhausted his state court remedies. It explains:

> [O]n March 9, 2009, Petitioner filed a notice of direct appeal pursuant to M.R. App. P. 2(a)(1) and 15 M.R.S. § 2115. State of Maine v. Iver Cardwell, PEN-09-142; (docket record; Law Court docket sheet). Petitioner also filed an application for leave to appeal sentence pursuant to M.R. App. P. 20 and 15 M.R.S. § 2151 that same date. (docket record; Sentence Review Panel docket sheet); State of

> Maine v. Iver Cardwell, SRP-09-141. On April 27, 2009, Petitioner also filed a state postconviction review petition, pursuant to M.R. Crim. P. 68 and 15 M.R.S. § 2129, in the Superior Court at Penobscot County. Iver Cardwell v. State of Maine, Me. Super. Ct., Pen. Cty., BANSCCR- 2009-00387; (postconviction docket record). All three of those proceedings are still pending in the state courts. Petitioner must first exhaust his claims in the state courts before he will be able to proceed on these claims in a federal habeas corpus petition.

(Mot. Dismiss at 2)(footnote omitted).[1] The docket reports submitted by the State in support of this motion backup this summary. Notably, Cardwell has not filed any opposition to the motion to dismiss and his time for doing so has elapsed.

I recommend that the Court dismiss this 28 U.S.C. § 2254 petition without prejudice. Cardwell may pursue 28 U.S.C. § 2254 relief -- if necessary -- once he has fully exhausted his state court remedies, relief that would include seeking discretionary review by the Maine Law Court of any determination made by the post-conviction court. See Jackson v. Coalter, 337 F.3d 74, 85 -87 (1st Cir. 2003).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 8, 2009

---

[1] The State notes that the direct appeal and the sentence appeal were filed more than 21 days after the January 9, 2009, entry of judgment. (Id. at 3 n.3.) It also observes that Cardwell has until January 9, 2010, to file a Maine Rule of Criminal Procedure 35 motion to correct his sentence with respect to the alleged mistake of fact. (Id. at 1 n.2.)